Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
Heather Baker Dobbs - State Bar No. 261303
hmb@kirtlandpackard.com
Justin M. Keller - State Bar No. 260204
jmk@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue, Third Floor
El Segundo, California  90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all
others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JAMES CUMMINS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION, a Pennsylvania Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**1.  Breach of Express Warranties;**<br><br>**2. Violation of California's Consumer Legal Remedies Act ("CLRA"); Civ. Code § 1750 et seq.;**<br><br>**3.   Violation of California's False Advertising Laws ("FAL"); Bus. & Prof. Code § 17500 et seq.;**<br><br>**4. Violation of California's Unfair Competition Laws ("UCL"); Bus. & Prof. Code § 17200 et seq.;**<br><br>**5.  Violation of the Song-Beverly Consumer Warranty Act; Civ. Code § 1790 et seq.; and**<br><br>**6.  Breach of the UCC Implied Warranty of Merchantability;**<br><br>**7.  Violation of the Magnuson-Moss Warranty Act**<br><br>**8.  Breach of Contract**<br><br>**JURY TRIAL DEMANDED** |

LAW OFFICES
KIRTLAND & PACKARD LLP

Plaintiff Sean James Cummins (also referred to as the "Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows. Plaintiff's allegations are based on the investigation of counsel, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

## THE PARTIES

1.   Plaintiff Sean James Cummins  is a citizen and resident of Los Angeles County, California, who, throughout the past several years, routinely purchased from General Nutrition Corporation ("GNC") stores "Herbal Plus" brand supplements of Ginkgo Biloba and Echinacea.

2.   Plaintiff is informed and believes, and upon such information and belief alleges, that General Nutrition Corporation (referred to herein as "Defendant") is a Pennsylvania Corporation, with its principle place of business in Pittsburgh, Pennsylvania, that markets, distributes, and/or sells "Herbal Plus" brand supplements. Defendant sells these products to consumers in California and throughout the nation.

3.   Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the Class as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4.   At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and

LAW OFFICES

KIRTLAND & PACKARD LLP

1   scope of such agency, service, and employment, and directed, consented,

2   ratified, permitted, encouraged, and approved the acts of each remaining

3   Defendant.

4   **JURISDICTION AND VENUE**

5   5.   This Court has subject matter jurisdiction pursuant to the Class Action

6   Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class

7   member is of diverse citizenship from one Defendant (as demonstrated in

8   paragraph 1-2 above); there are more than 100 Class members nationwide;

9   the aggregate amount in controversy exceeds $5,000,000; and minimal

10   diversity exists (as demonstrated in paragraph 1-2 above).

11   6.   Venue is proper in this District under 28 U.S.C. § 1391(a) because a

12   substantial part of the events or omissions giving rise to the claims occurred

13   and/or emanated from this District, and Defendant has caused harm to Class

14   members residing in this District.

15   7.   Venue is also proper in this County pursuant to California Civil Code §

16   1780(d) because Defendant does business here.

17   **FACTUAL ALLEGATIONS**

18   8.   Defendant markets, distributes and/or sells its own line of as supplements

19   called "Herbal Plus."  Defendant's makes explicit claims about its

20   supplements in the advertisements, product packaging and labeling of such

21   products, including without limitation:

22       a.   <u>Herbal Plus Ginseng Supplement</u> – Defendant's advertisements,

23            product packaging and labeling  for this product indicates that it is a

24            Ginseng capsule.

25       b.   <u>Herbal Plus Ginkgo Biloba</u> – Defendant's advertisements, product

26            packaging and labeling  for this product indicates that it is a Ginkgo

27            Biloba capsule.

28       c.   <u>Herbal Plus St. John's Wort</u> –  Defendant's advertisements, product

1    packaging and labeling for this product indicates that it is a St. John's

2    Wort capsule.

3    d.   Herbal Plus Echinacea – Defendant's advertisements, product

4    packaging and labeling for this product indicates that it is an

5    Echinacea capsule.

6    The products listed in subparagraphs a-d, above shall henceforth be referred to

7    herein as "Products".

8    9.   Defendant's claims about the content of the Products are false and

9    misleading.   In fact, the New York Attorney General recently conducted an

10    investigation into the Products (see Exhibit A, attached hereto) and, using

11    established DNA barcoding technology, analytic testing disclosed that:

12    a.   Herbal Plus Ginseng Supplement – Contains no ginseng DNA. Instead

13    contains oryza (rice), dracaena (garlic, rice, tropical houseplant), pinus

14    strobus, wheat/grass and citrus spp.

15    b.   Herbal Plus Ginkgo Biloba – Contains no ginkgo biloba DNA.

16    Instead contains allium (powdered garlic), oryza (rice), spruce and

17    asparagaceae.

18    c.   Herbal Plus St. John's Wort – Contains no St. John's Wort DNA.

19    Instead contains allium (powdered garlic), oryza (rice) and dracaena

20    (garlic, rice, tropical houseplant).

21    d.   Herbal Plus Echinacea – Contains no Echinacea DNA. Instead

22    contains oryza (rice) and pinus or ranunculacae.

23    10.   The advertising and packaging of the Products were designed to, and did,

24    lead Plaintiff and the Class to believe that the Products contained the

25    advertised supplements.  In fact, the only reason Plaintiff and the Class

26    purchased such Products was because it supposedly contained the advertised

27    supplement.

28    11.   Additionally, Defendant's failed to list the accurate ingredients on the

KIRTLAND & PACKARD LLP
LAW OFFICES

1   Product label, which was misleading and potentially dangerous.

2   12.  Plaintiff and members of the Class relied on Defendant's misrepresentations

3        and would not have paid as much, if at all, for the Products but for

4        Defendant's misleading claims.

5   13.  Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of

6        California and nationwide consumers by Defendant, and to recover the

7        monetary gains taken by this unlawful practice.

8                   **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

9   14.  Plaintiff brings this action on behalf of himself and on behalf of all others

10       similarly situated and, as members of the Class or subclasses (collectively

11       referred to hereafter as the "Class") defined as follows:

12            (1) <u>California Class</u>: The Class that Plaintiff seeks to represent ("the

13            California Class") consists of all persons who are citizens or residents

14            of California who purchased one or more of the Products within the

15            statute of limitations prior to the filing of the initial complaint.

16            Excluded from the Class are Defendant, any parent, subsidiary, affiliate

17            or controlled person of Defendant, as well as the officers and directors

18            of Defendant, and the immediate family member of any such person.

19            Also excluded is any judge who may preside over this case.

20            (2) <u>Nationwide Class</u>: The Class that Plaintiff seeks to represent ("the

21            Nationwide Class") is defined to include all persons in the United

22            States who purchased one or more of the Products within the statute of

23            limitations prior to the filing of the initial complaint. Excluded from

24            the Class are Defendant, any parent, subsidiary, affiliate or controlled

25            person of Defendant, as well as the officers and directors of Defendant,

26            and the immediate family member of any such person. Also excluded

27            is any judge who may preside over this case.

28  15.  This action is brought and may be properly maintained as a class action

LAW OFFICES
KIRTLAND & PACKARD LLP

1  pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4)

2  and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy,

3  predominance and superiority requirements of those provisions.

4  16.  [Fed. R. Civ. P. 23(a)(1)]   The proposed Class is so numerous that individual

5  joinder of all its members is impracticable.  Due to the nature of the trade and

6  commerce involved, Plaintiff believes that the total number of Class members

7  is at least in the thousands and that members of the Class are numerous and

8  geographically dispersed across California and the United States.  While the

9  exact number and identities of the Class members are unknown at this time,

10  such information can be ascertained through appropriate investigation and

11  discovery.  The disposition of the claims of the Class members in a single

12  class action will provide substantial benefits to all parties and to the Court.

13  17.  [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all

14  members of the Class which predominate over any questions affecting only

15  individual members of the Class.  These common legal and factual questions,

16  which do not vary from class member to class member, and which may be

17  determined without reference to the individual circumstances of any class

18  member, include, but are not limited to, the following:

19         i.      Whether the Products contain the advertised supplement;

20        ii.     Whether the Products contain the advertised amount of the

21              advertised supplement;

22       iii.     Whether Defendant's advertising was and is misleading;

23       iv.     Whether Defendant's representations were likely to

24              mislead and did in fact mislead Plaintiff and Class

25              members;

26        v.     Whether Defendant was willful, deceptive, and oppressive

27              in its conduct; and

28       vi.     Whether Defendant engaged in unlawful, unfair, or

LAW OFFICES
KIRTLAND & PACKARD LLP

1    fraudulent business practices.

2    vii.     Whether Defendant knew or should have known that its

3    Products did not contain the advertised supplement.

4    viii.    Whether Defendant violated its Express Warranty;

5    ix.      Whether Defendant violated its Implied Warranties;

6    x.       Whether Defendant breached its Contract.

7    18.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the

8    members of the Class.  Plaintiff and all members of the putative Class have

9    sustained injury arising out of Defendant's common course of conduct as

10   complained of herein.  The losses of each member of the Class were caused

11   directly by Defendant's wrongful conduct as alleged herein.

12   19.   [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the

13   interests of the members of the Class.  Plaintiff have retained attorneys

14   experienced in the prosecution of class actions, including complex consumer

15   and mass tort litigation.

16   20.   [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available

17   methods of fair and efficient adjudication of this controversy, since

18   individual litigation of the claims of all Class members is impracticable.

19   Even if every Class member could afford individual litigation, the court

20   system could not.  It would be unduly burdensome to the courts in which

21   individual litigation of numerous issues would proceed.  Individualized

22   litigation would also present the potential for varying, inconsistent, or

23   contradictory judgments and would magnify the delay and expense to all

24   parties and to the court system resulting from multiple trials of the same

25   complex factual issues.  By contrast, the conduct of this action as a class

26   action, with respect to some or all of the issues presented herein, presents

27   fewer management difficulties, conserves the resources of the parties and of

28   the court system, and protects the rights of each Class member.

LAW OFFICES
KIRTLAND & PACKARD LLP

21.   [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice which Defendant must provide to all Class members.

22.   [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23.   [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
## Breach of Express Warranties
### (By Plaintiff, the California Class, and the Nationwide Class)

24.   Plaintiff, the California Class and the Nationwide Class incorporate herein by reference each preceding and succeeding paragraph as if fully set forth verbatim.

25.   Defendant's affirmations of fact and promises made to Plaintiff, the California Class and the Nationwide Class regarding the Products and their descriptions of the Products as contained in Defendant's advertisements, product packaging and labeling became part of the basis of the bargain between Defendant and Plaintiff, the California Class and the Nationwide Class, thereby creating express warranties that the Products would conform to those affirmations of fact, promises and descriptions.  Namely, Defendant expressly warranted to Plaintiff, the California Class and the Nationwide

LAW OFFICES
KIRTLAND & PACKARD LLP

1    Class that the Products contain the supplements indicated on such

2    advertisements and labels.  Defendant breached those express warranties

3    because the Products do not contain the supplements indicated on such

4    advertisements and labels.

5  26.    As a proximate result of Defendant's breaches of express warranties,

6    Plaintiff, the California Class and the Nationwide Class have been damaged

7    either in the full amount of the purchase prices of the Products or in the

8    difference in value between the Products as warranted and the Products as

9    actually sold.

10           **SECOND CAUSE OF ACTION**

11           ***Civil Code* § 1750 *et seq.***

12    **(Violation of the Consumer Legal Remedies Act)**

13     **(By Plaintiff and the California Class)**

14  27.    Plaintiff and the California Class incorporate herein by reference each

15    preceding and succeeding paragraph as if fully set forth verbatim.

16  28.    In violation of Civil Code section 1750, et seq. (the "CLRA"), Defendant has

17    engaged in unfair and deceptive acts and practices in the course of

18    transactions with Plaintiff and the California Class, and such transactions

19    were intended to and did result in the sales of goods or services to Plaintiff

20    and the California Class.  Plaintiff and the California Class members are

21    "consumers" as that term is used in the CLRA because they sought or

22    acquired Defendant's goods or services for personal, family, or household

23    purposes. Defendant's past acts and practices include, but are not limited to:

24    a.    Defendant's representations that the Products had characteristics, uses,

25        and benefits that they did not have, in violation of Civil Code §

26        1770(a)(5)

27

28

b.     Defendant's representations that the Products were of a particular standard, quality and grade when they were of another, in violation of Civil Code § 1770(a)(7); and

c.     Defendant's advertised the Products with the intent not to sell the Products as advertised, in violation of Civil Code § 1770(a)(9).

29.   Defendant's violations of Civil Code §1770 have proximately caused damage to Plaintiff and the California Class members in the amounts of the full purchase price of the Products or, alternatively, in the difference in values between the Products as represented and the Products as actually sold. Plaintiffs and the California Subclass request injunctive relief enjoining Defendant from engaging in further deceptive acts and practices in relation to the advertising, promotions and sale of the Products as well as ordering that Defendant conduct appropriate corrective advertising.

30.   Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter").  If  Defendant fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

### THIRD CAUSE OF ACTION
### *Business and Professions Code* § 17500
### (Violation of the False Advertising Act)
### (By Plaintiff and the California Class)

31.   Plaintiff and the California Class incorporate herein by reference each preceding and succeeding paragraph as if fully set forth verbatim.

32.   Defendant's actions constitute unfair competition and unfair or fraudulent business acts and/or practices within the meaning of *California Business & Professions Code, section 17200*, et seq. (the "FAL").

LAW OFFICES KIRTLAND & PACKARD LLP

33. Defendant has engaged in "unlawful" business acts and practices by designing, manufacturing, licensing, promoting, and/or distributing the Products and presenting it as containing a supplement, when said Products do not contain the supplements indicated on such advertisements and labels

34. Defendant's business acts and practices violated various state laws, including, inter alia, the California Business and Professions Code § 17500, et seq., which prohibits false advertising, and the California Consumer Legal Remedies Act, California Civil Code § 1750, et seq.

35. Furthermore, Defendant has engaged in "unfair" business acts or practices in that they failed to inform Plaintiff and the California Class that their Products do not  contain the supplements indicated on their advertisements and labels.

36. Further, Defendant's conduct enabled them to price the Products above the true market value of properly labeled products.  Thus, Defendant unfairly diverted sales to themselves that they would not have otherwise obtained and exacted a premium price that would not otherwise have been paid.

37. Defendant's actions also constitute "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct is targeted by designing, manufacturing and distributing the Products when in fact they were not suitable for their intended uses.

38. Plaintiff and the members of the California Subclass were deceived by Defendant's representations.

39. Plaintiff and the members of the California Class relied on Defendant's representations. This reliance was reasonable under the circumstances.

40. Plaintiff and the members of the California Class have suffered injuries as a direct and proximate result of Defendant's actions.

41. Plaintiff and the members of the California Class would not have purchased the Products had they known of the true characteristics of the Products or would not have purchased it at such a high price.

42. Defendant's actions also constitute "unfair, untrue or misleading advertising."

43. Pursuant to sections 1791.1(d) and 1794 of the *California Civil Code*, Plaintiff and the California Class seek damages, civil penalties and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

44. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the California Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

## FOURTH CAUSE OF ACTION
### *Business and Professions Code* § 17200 *et seq.*
### (Violation of the Unfair Competition Law)
### (By Plaintiff and the California Class)

45. Plaintiff and the California Class incorporate herein by reference each preceding and succeeding paragraph as if fully set forth verbatim.

46. In violation of California Business and Professions Code § 17200, et seq. (hereafter referred to as the "Unfair Competition Law" or "UCL"), Defendant's conduct has been unfair, unlawful and fraudulent.

47. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of the UCL and, as a result, Plaintiff and the California Class have suffered injury-in-fact and have lost money and or property.

48. The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

LAW OFFICES
KIRTLAND & PACKARD LLP

49. The material misrepresentations, concealment, and non-disclosures by Defendant as part of its marketing and advertising of the Products are unfair and fraudulent business practices prohibited by the UCL.

50. In carrying out such marketing, Defendant has violated the CLRA, the FAL, and various other laws, regulations, statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

51. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

52. Defendant's practices are additionally unfair because they have caused Plaintiff and the California Class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

53. Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

54. Pursuant to Business and Professions Code § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's wrongful misrepresentations and omissions have directly and seriously injured Plaintiff and the California Class by causing them to purchase one or more of the Products based upon false and misleading claims.

55. The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and present a continuing threat that members of the public will be

1    misled into purchasing one or more of the Products and that upon learning

2    that the Products do not have the promised results and carry a potential life-

3    threatening risk, they will be damaged financially.

4    56.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent

5    injunctive relief ordering Defendant to cease this unfair competition, as well

6    as disgorgement and restitution to Plaintiff and the California Class of all of

7    Defendant's revenues associated with its unfair competition, or such portion

8    of those revenues as the Court may find equitable.

9    **FIFTH CAUSE OF ACTION**

10   *Civil Code* § 1790 *et seq.*

11   **(Violation of the Song-Beverly Consumer Warranty Act)**

12   **(By Plaintiff and the California Class)**

13   57.    Plaintiff and the California Class incorporate herein by reference each

14   preceding and succeeding paragraph as if fully set forth verbatim.

15   58.    Plaintiff and the members of the California Class are "retail buyers" within

16   the meaning of Section 1791(b) of the California Civil Code.

17   59.    Defendant's Products are "consumer goods" within the meaning of Section

18   1791(a) of the California Civil Code.

19   60.    Defendant is a "manufacturer" of the Products pursuant to Section 1791(j) of

20   the California Civil Code.

21   61.    As set forth above, Defendant breached both express and implied warranties

22   given to Plaintiff and the California Class.  Such breaches proximately

23   caused damages to Plaintiff and the California Class in the full amount of the

24   purchase prices of the Products or, alternatively, the difference in value

25   between the Products as warranted and the Products as sold.  In addition,

26   pursuant to California Civil Code § 1794(d), Plaintiff and the California

27   Class are entitled to recover a sum equal to the aggregate amount of their

28   costs and expenses, including attorneys' fees based on actual time expended,

LAW OFFICES
KIRTLAND & PACKARD LLP

99003-00001  166148.01                                    -14-

determined by the Court to be reasonably incurred by them in connection with their commencement and prosecution of this action.

### SIXTH CAUSE OF ACTION

### Breach of the UCC Implied Warranty of Merchantability

### (By Plaintiff, the California Class, and the Nationwide Class)

62.   Plaintiff, and those members of the California and Nationwide Class who purchased one or more of the Products directly from Defendant incorporate herein by reference each preceding and succeeding paragraph as if fully set forth verbatim.

63.   Defendant is a "merchant" as to the Products within the meaning of the Uniform Commercial Code ("UCC").  Defendant manufactured, distributed and marketed the Products, which are "goods" within the meaning of the UCC. Consequently, they impliedly warranted that the Products were merchantable, including that they could pass without objection in the trade under the contract description, that they were fit for the ordinary purposes for which such goods are used, and that they would conform to the promises or affirmation of fact made on their containers or labels.

64.   Defendant breached the implied warranties of merchantability because the Products would not pass without objection in the trade, in that they do not contain the supplements indicated on such advertisements and labels.

65.   Defendant further breached implied warranties of merchantability because the Products were not fit for the ordinary supplement purposes for which they are used.

66.   Defendant further breached implied warranties of merchantability because the Products did not conform to the promises or affirmations of fact made on their labels as the Products do not contain the supplements indicated on such advertisements and labels.

67.   As a proximate result of Defendant's breaches of the implied warranty of merchantability, Plaintiffs and  the Nationwide Class members who purchased directly from Defendant were damaged either in the amount of the full purchase prices they paid for the Products or the difference in value between the Products as warranted and the Products as actually sold.

### SEVENTH CAUSE OF ACTION

### Violation of the Magnuson-Moss Warranty Act

### (By Plaintiff, the California Class, and the Nationwide Class)

68.   Plaintiff, and those members of the California and Nationwide Class who purchased one or more of the Products directly from Defendant incorporate herein by reference each preceding and succeeding paragraph as if fully set forth verbatim.

69.   The Products are consumer products as defined in 15 U.S.C. § 2301(1).

70.   Plaintiffs and all the members of the Class are consumers as defined in 15 U.S.C. § 2301(3).

71.   Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) & (5).

72.   In connection with their sale of the Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6) via their written advertisements and product labeling.

73.   In connection with their sale of the Products, Defendant gave to all the putative Class Members who purchased one or more of the Products an implied warranty as defined in 15 U.S.C. § 2301(7); namely, the implied warranty of merchantability.  Specifically, Defendant warranted that the Products were fit for their ordinary purpose as nutritional supplements, would pass without objection in the trade, and would conform to the promises and affirmations of fact made on their containers or labels.

KIRTLAND & PACKARD LLP
LAW OFFICES

74. Defendant is liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 2310(d)(1), because the Products failed to comply with their written warranties and the implied warranty of merchantability.

75. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiffs and the Class are entitled to recover the damages caused to them by Defendant's breaches of written and implied warranties, which damages either constitute the full purchase prices of the Products or the difference in value between the Products as warranted and the Products as actually sold.  In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the Class are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiffs and the Class for and in connection with the commencement and prosecution of this action.

## EIGHTH CAUSE OF ACTION

### Breach of Contract

### (By Plaintiff, the California Class, and the Nationwide Class)

76. Plaintiff, the California Class and the Nationwide Class incorporate herein by reference each preceding and succeeding paragraph as if fully set forth verbatim.

77. Plaintiff and the Class entered into contracts with Defendant to purchase the Products.

78. Plaintiff and the Class performed all material terms required by the contracts by paying the required purchase price of the products.

79. Defendant breached the contracts when it failed to provide Plaintiff and the Class with Products whose contents and ingredients matched those on the Products' labels.

80. As a result of the foregoing, Plaintiff and the Class have been damaged in the amount of their purchase price for the Products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.  For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with it, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.  For certification of the putative class;

3.  For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

4.  For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair and/or fraudulent conduct and business practices, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

5.  An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6.  An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7.  An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8.    Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9.    For attorneys' fees and expenses pursuant to all applicable laws;

10.   For costs of suit; and

11.   For such other and further relief as the Court deems just and proper.


DATED:  February 9, 2015                    KIRTLAND & PACKARD LLP


                                            By:  /s/ Michael Louis Kelly
                                                 MICHAEL LOUIS KELLY
                                                 BEHRAM V. PAREKH
                                                 HEATHER BAKER DOBBS
                                                 JUSTIN M. KELLER

                                                 *Counsel for Plaintiff and all others similarly situated*

99003-00001  166148.01                      -19-

1

## JURY TRIAL DEMANDED

2    Plaintiff demands a jury trial on all issues so triable.

3

4    DATED:  February 9, 2015                KIRTLAND & PACKARD LLP

5

6                                    By:  /s/ Michael Louis Kelly
                                          MICHAEL LOUIS KELLY
7                                         BEHRAM V. PAREKH
                                          HEATHER BAKER DOBBS
8                                         JUSTIN M. KELLER

9                                         *Counsel for Plaintiff and all
                                          others similarly situated*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
KIRTLAND & PACKARD LLP